FILED

99 SEP 20 AM 10: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 2 0 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| GREYHOUND LINES, INC., | ) | 99-C-1942-W |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS**

In this diversity case, the *pro se* Plaintiff William R. Murray in his 34-page complaint claims that the Defendant Greyhound Lines, Inc., ("Greyhound") defrauded him, assaulted and/or recklessly endangered him, and breached their contract. The case arises out of the Plaintiff's round trip by Greyhound bus from Tuscaloosa, Alabama to White Plains, New York in May 1999. Convinced that the Plaintiff can prove no set of facts which would entitled him to relief, the Court will grant Greyhound's motion to dismiss.

I

According to the complaint, on May 4, 1999, the Plaintiff purchased a Greyhound round trip ticket to Tuscaloosa, Alabama for travel to White Plains, New York. The trip to White Plains was apparently uneventful. The return trip was not.

First, though he had been assured in New York City that the bus was a "through" bus to Charlotte, North Carolina, the Plaintiff was required to change buses in Richmond, Virginia. The bus was 41 minutes late leaving the Richmond terminal. Then, the Plaintiff was denied his request to sit in "prime" seats #3 and #4, said seats having been reserved for "deadhead" Greyhound drivers[1] and their luggage.

On the Richmond-Charlotte leg of the trip, the driver exceeded the posted speed limits, with an average speed of 70.32968 miles per hour. The driver failed to stop at a scheduled "rest stop" without warning or apology. Complaint, p. 13. The female drivers failed to identify themselves when the Plaintiff requested them to do so:

> ...[The Plaintiff told both ladies that, if they would not tell him their names, he needed their photographs so that he could identify them later, and both ladies stated that they would call the police if [the Plaintiff] tried to take their pictures.
> ...[One of the female drivers] then stated that [the Plaintiff] could put his camera "up you know where."

Complaint, p. 14.

The bus' right front parking light and both its left and right lower side marker lights were inoperable. *Id.*, p. 17. The driver did not use his seatbelt. *Id.*, p. 20.

When the Plaintiff re-boarded the bus in Charlotte, the driver informed him that Seats 1-4 were reserved for disabled persons. But there were no disabled persons on the bus.

---

[1] The term "deadhead" refers to bus drivers who occupy a seat on a bus operated by another driver en route to another location.

2

Seats 1 and 2 contained only personal luggage and a CD player occupied Seat 3. *Id.*, 18. A female passenger occupied Seat 4, but "[i]f she had any disability entitling her to preferential seating, it was not apparent to [the Plaintiff], who watched her carefully for some sign of disability." *Id.*, p. 19. When the Plaintiff protested, the driver "rather curtly removed the piece of personal luggage from seat #2,...and [the Plaintiff] sat down in seat #2." *Id.*, p. 19.

Presumably still in seat #2 of Greyhound bus #1542, the Plaintiff returned to Tuscaloosa.

This lawsuit followed. Filed initially in the Circuit Court of Tuscaloosa County, it was timely removed to this Court by Greyhound.

III

A court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts" that would entitle the Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). See also *Jones v. Bd. Of Comm'r of the Alabama State Bar*, 737 F.2d 996 (11th Cir. 1984). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. *Schever v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1947). See also *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991). Although the Court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not

there. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944-45, 92 L.Ed.2d 209 (1986); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275 (11th Cir. 1992). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Service, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(citing Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir. 1983).) However, when on the basis of a dispositive issue of law, no construction of the factual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Marin County*, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

### III

As noted earlier, the Plaintiff makes three claims in this case.

In order to prove fraud, i.e., a willful or reckless misrepresentation under Alabama law, a Plaintiff must establish: (1) a false representation, (2) concerning an *existing* material fact, (3) made either with knowledge of the falsity of the representation or recklessly, without sufficient information, (4) made with intent to induce the Plaintiff to act, (5) reliance by the Plaintiff, and (5) damages sustained by the Plaintiff. APJI 18.01, 18.02.

On his second claim, breach of contract, the Plaintiff must show, *inter alia*, the breach of a substantial term or condition of the contract, and that he suffered damages as a result.

On his third claim, the Plaintiff concedes in his complaint (Complaint, p. 31 ¶ E-3), that a "touching" in rudeness or in anger is an essential element of the tort of assault. Again, the Plaintiff must prove that he suffered damages as a result of the assault.

Given the allegations of the complaint, the Court concludes beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief. On the two tort claims, under Alabama law there can be no liability for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *American Road Service Co. v. Inmon*, 394 So.2d 361, 364-65 (Ala. 1980)(quoting RESTATEMENT (SECOND) OF TORTS ¶ 46 cmt.(D) at 73(1965)).

Equally beyond question is that Greyhound performed its basic obligation under the contract: it transported the Plaintiff from his home in Tuscaloosa to New York and back home again. It performed this without accident, loss of luggage, citation for speeding or missing lights. Moreover, the Plaintiff cannot show any legally cognizable damage as a result of the alleged breach of contract.

For these reasons, Greyhound's motion to dismiss will be granted.

DONE this _17th_ day of September, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON